Mr. Justice Robb
delivered the opinion of the Court:
The validity of said act of July 3d, 1896, is not questioned, nor is the power of the board of medical supervisors to make reasonable rules and regulations challenged. The case merely presents for our inquiry the question whether the rules and regulations, under .which this petitioner was examined, are reasonable and within the purview of said act. If they are, petitioner has nothing of which he can justly complain, since the record fails to show that he did not receive exactly the same treatment accorded to all other applicants; in other words, petitioner’s contention is not unjust discrimination or arbitrary action in a given case, but rather that the rule governing all applicants is void for the reasons assigned. In the light of these observations, we will now proceed to determine the specific question before us.
While the statute ordains that examinations shall be conducted both orally and in writing, there is the additional provision in the same sentence that such examinations shall be “in accordance with the rules and regulations prescribed by the board of medical supervisors.” That board, in the exercise of the discretion thus intrusted to it, has prescribed these regulations, and, while the percentage allowed 'for the oral examination is small and possibly lower than it should be, we cannot say in the circumstances disclosed by the record that it is so unreasonable as to warrant us in interfering. These regulations, as did those they supersede, recognize that a written examination is the better calculated to demonstrate an applicant’s qualifica *454 tions. Petitioner himself concedes this in his contention that the earlier regulations be declared to be in force, since those earlier regulations allowed not more than 25 per cent to the oral examination. It must be kept in mind that these examinations are conducted by a board of examiners, and that their work, under the express mandate of the statute, is to be reviewed by the board of medical supervisors, the appellees here, and that the latter board issues a license if, in the opinion of a majority of its members, after a careful examination of the record of the examining board, the applicant “has fairly and successfully passed” the examination provided by law. It is apparent that if such a review by the appellees is to amount to anything, it must be based upon the entire proceedings before the examining board; in other words, the questions propounded in the oral ■examination and the answers thereto should be before the reviewing board. It is equally apparent that if appellant’s contention is accepted to its full extent, the only difference between the oral and the written examinations will be one of form.
In our opinion, the provision requiring an oral as well as a written examination is precautionary in its nature. Thus, the result of an applicant’s written examination might be creditable and satisfactory, and his oral examination demonstrates an utter lack of the requisite qualifications. The scope of the oral examination is not restricted by the statute. If anything develops in that examination to the prejudice of the applicant, it is the duty of the examining board to report it to the reviewing authority, and such report undoubtedly may be considered by the reviewing board in passing upon the question whether the .applicant shall receive a license. In the present case nothing to the prejudice of the applicant was developed in his oral examination, and he was allowed 2 per cent additional because of that examination, upon the ratings allowed him in his written ■examination. In one subject his rating in his written examination was 58.80 per cent, or below the 60 per cent required in any one subject to entitle an applicant to a license. The 2 per cent allowed him on account of his oral examination, it will be seen, raised his average in this subject to 60.80 per cent, *455 which was above the particular average required in that subject. The allowance on account of his oral examination, therefore, was of substantial benefit to him. Taking the act as a whole, we agree with the trial court that the regulation is not void because of the provision with respect to the weight and value of the oral examination.
The second contention is without merit. The board, in requiring a general average above that acceptable in one or more subjects, is merely following a practice as old as the examination system. An applicant might, for various reasons, fail to attain a high average in some subjects, but if his average on all other subjects was no better, the conclusion would be irresistible that lack of knowledge, and not some other reason, was responsible for the result. On the other hand, should the applicant, in his examination in a given subject, fall below the general average required, and pass a much better examination in other subjects, the result would indicate such general proficiency as to overcome the evidence of mediocrity in the particular subject; in other words, while it sometimes might happen that an applicant’s rating in a given subject would not correctly represent his knowledge of that subject, it would seldom happen that the average of his ratings in all the subjects would not truly represent his general proficiency.
Judgment affirmed with costs. Affirmed.